**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma, Esq.
Andrew L. Smith, Esq.
570 Broad Street – Suite 1201
Newark, NJ 07102
jdepalma@litedepalma.com
asmith@litedepalma.com
*Attorneys for Plaintiffs and the Class*

[Additional counsel on signature page]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN TUTTON, individually and on behalf of all other similarly situated individuals,<br><br><br>Plaintiffs,<br><br>vs.<br><br><br>22ND CENTURY TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. **17-8240**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

1.      Plaintiff John Tutton, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), through counsel, bring this action in their individual capacities and on behalf of the class of persons similarly situated as defined below and for their Complaint allege, pursuant to their own knowledge, or where there is no personal knowledge, upon the investigation of counsel and/or upon information and belief, to wit:

### NATURE OF CASE

2.      This action seeks to recover back pay and benefits pursuant to 29 U.S.C. § 2101, et seq. (hereinafter "the federal WARN Act") and N.J.S.A. 34:21-1, et seq. (hereinafter "the New

Jersey WARN Act"), among other claims asserted herein, based upon the common course of conduct by Defendant 22nd Century Technologies, Inc. (hereinafter "Defendant") that resulted in the termination of more than one hundred employees in the same group without proper legal notice as part of a mass layoff.

3.      Upon information and belief, the following layoffs were made by Defendant, without proper legal notice and in violation of the federal and New Jersey WARN Acts, respectively:

>   a)      40 employees were laid off on November 7, 2016;
>
>   b)      Another 40 employees were laid off on December 21, 2016;
>
>   c)      Thereafter, 10 layoffs were made in February of 2017; and,
>
>   d)      Lastly, another 10 employees were laid off in April of 2017.

4.      These firings constitute a "termination" and/or "mass layoff" under the federal and New Jersey WARN Acts.

5.      Moreover, these mass layoffs trigger the aggregation provisions within the statutes which state, respectively:

> "Any terminations of employment for two or more groups at a single establishment occurring within any 90-day period, when each group has less than the number of terminations which would trigger the notification requirements of this section but the aggregate for all of the groups exceeds that number, shall be regarded as subject to the notification requirements unless the employer demonstrates that the cause for the terminations for each group is separate and distinct from the causes of the terminations for the other group or groups." N.J.S.A. 34:21-2(c).

> "…in determining whether a plant closing or mass layoff has occurred or will occur, employment losses for 2 or more groups at a single site of employment, each of which is less than the minimum number of employees specified in section 2101(a)(2) or (3) of this title but which in the aggregate exceed that minimum number, and which occur within any 90-day period shall be considered to be a plant closing or mass layoff unless the employer demonstrates that the employment losses are the result of separate and distinct actions and causes and are not an attempt by the employer to evade the requirements of this chapter." 29 U.S.C. § 2102(d).

6.    Consequently, Defendant's mass layoff, herein, deprived fired "workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

7.    Defendant failed to provide these terminated employees with sixty (60) days advance written notice required by the federal and New Jersey WARN Acts.

## JURISDICTION AND VENUE

8.    This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, 1334, and 1367, as well as 29 U.S.C. § 2102, 2104(a)(5).

9.    Venue over this matter is appropriate in this Court pursuant to 29 U.S.C. § 2104(a)(5) because a majority of the acts constituting the violation(s) of the federal and New Jersey WARN Acts occurred, and the claims arose, in this District.  Venue is also proper under 28 U.S.C. § 1391(a) and (b).  The acts complained of occurred in the State of New Jersey and, at all relevant times material hereto, Defendant maintained an office in this District, conducted business in this District, and a substantial part of the events or omissions giving rise to this action occurred in this judicial District.

## PARTIES

### PLAINTIFFS

10.    Plaintiff John Tutton is and was at all material times relevant hereto a full-time employee of Defendant at the time he was terminated.

11.    At all times relevant and material hereto, Plaintiff John Tutton and Class Members ("Plaintiffs") were either full-time employees of Defendant, or temporary employees

other than part-time employees, and are to be counted in determining that the threshold requirements of the federal and New Jersey WARN Acts are met.

12.     Plaintiffs were employees of Defendant who, in addition to other substantial employee benefits, earned regular compensation and were damaged by Defendant's violations of the federal and New Jersey WARN Acts.

## DEFENDANT

13.     Defendant 22nd Century Technologies, Inc. has "20 years of experience providing IT [information technology] services and solutions to federal, state, and local government agencies." [1]

14. The Defendant's business was characterized as being "a great place to work."  The Defendant's website reads as follows [2]:

> "With over $400B in annual IT spending, the US Government is the largest IT services consumer in the world. The Federal, State, and Local agencies are always improving processes, technologies, and customer-facing solutions. How would you like to work on such leading-edge programs and deliver solutions to millions of users? How would you like to envision, architect, and deliver large projects that would influence the way people live, interact, and grow? Sounds exciting?
>
> **22nd Century Technologies, Inc.** is a **Customer-focused high-growth** company that treats employees as partners. We offer a trusted and great team environment where employees feel proud of what they do. We treat all our employees fairly and provide them with growth opportunities. **Employees are the greatest assets of 22nd Century Technologies and we are proud of that.**

---

[1] *See* https://www.tscti.com/.
[2] *See* https://www.tscti.com/index.php?option=com_content&task=view&id=59&Itemid=65.



Our talented and creative employees make 22nd Century Technologies an exciting and rewarding place, where they enjoy ample space to excel and grow. Initiative, creativity, and hard work take employees as far as they want to go. We encourage new ideas, new approaches, and new abilities and believe that our entrepreneurial atmosphere is just part of what makes 22nd Century Technologies a highly motivating place to work.

We strive to meet the challenges of changing markets and evolving technologies. That is why we value innovation, enterprise and ambition in all of our employees. New employees have room to grow rapidly in their area of interest as they get to work closely with the principals and senior employees.

If all of this excites you, we welcome you to check out the opportunities at 22nd Century Technologies and send us your resume. We are an equal opportunity employer."

15.     Defendant offered the following benefits to its employees [3]:


**"22nd Century Technologies is pleased to offer a comprehensive benefits package that provides you with the stability and support you need at home and at the work place.**

- Comprehensive Health Insurance including Dental and Vision.

---

[3] *See* https://tscti.com/index.php?option=com_content&task=view&id=63&Itemid=68.

709043.2

- Life Insurance.
- Employee as Partner program
- Employee Referral Award Program (ERAP)
- Regular Salary Appraisals.
- Annual Paid Holidays
- Competitive Vacation Plan.
- 401(k) Plan.
- Education Assistance Training
- Disability Insurance
- Workman's Compensation
- Federal and State Unemployment"

16.     There was no public indication that Defendant was in financial distress or that any of its offices were at risk of imminent closure.  Further, there was no public indication that there would be a mass layoff or termination of any work groups, either in whole or in an aggregate manner.

17.     Conversely, Defendant's website touted itself as performing successfully and being among the "Top Ten 8(a) firms for IT services and solution development."  Additionally, the website states [4]:

> "**22nd Century Technologies, Inc.** is a **CMMI Level 3** company providing **IT Services and Solutions** to Fortune 500, Federal, State and Local government agencies. With over 15 years of IT experience and a presence in more than 35 states, we firmly believe that our team has the unique combination with *CMMi Level3 and ISO 9001, which differentiate us from others.* Our success is a result of our philosophy of considering employees as partners and providing them opportunities to grow professionally. 22nd Century Technologies government practice headquarter is in Mclean, VA, and corporate headquarters are in New Jersey.
>
> We are growing at a tremendous rate and in the last few months we won some major contracts including **NIH CIO-SP3 ($20B GWAC), AAFES ($1B IDIQ), GSA STAR**

---

[4] *See* https://tscti.com/index.php and
https://tscti.com/index.php?option=com_content&task=view&id=61&Itemid=66, respectively.

- 6 -

**II** and over **20 State wide contract vehicles.** To meet our growing needs and requirements, we are expanding to increase both the depth and breadth of our operations by offering plenty of new opportunities for key resources to be part of our phenomenal success.

If you are among the growth and challenge driven professionals, we have the right opportunity for you.

22nd Century Technologies has offices across the U.S. and is constantly seeking motivated, bright individuals who would like to work at leading-edge technologies, services, and projects.  There are several openings across our U.S. offices, offering possibilities to work on our large **Federal, State Government agencies and Fortune 500 client projects.** We are looking for those who:

- Are excited about working for a growing company that exceeds customers' expectations
- Are customer and result focused
- Are focused in broadening their personal Domain Expertise
- Are willing to get trained with the best of the best
- Think out of the box

> We are an Equal Opportunity employer and do not illegally discriminate in our employment decisions based on race, color, national origin, religion, sex, physical or mental disability, veteran status or pregnancy. We are also an Affirmative Action employer and are committed to inclusion of all qualified individuals in our employment selection process."

18.     Defendant operated as a single employer of all the businesses' employees at all material times, including at the time of the decision-making to terminate Plaintiffs by mass layoff and the execution of these mass layoffs.

19.     Defendant maintained direct responsibility for all strategic, human resources, and benefits decisions and functions, and exercised control over all business plans and decision-making, including the determination to fire over a hundred employees by mass layoffs.

20.     Defendant was responsible for the failure to provide Plaintiffs with the requisite notice required under the federal and New Jersey WARN Acts.

## FACTS APPLICABLE TO ALL COUNTS

### Mass Termination

21.     Plaintiff and Class Members ("Plaintiffs") were terminated collectively, upon information and belief, on the respective dates of November 7, 2016; December 21, 2016; February of 2017 (the exact date or dates is/are unknown); and, April of 2017 (the exact date or dates is/are unknown).

22.     Upon information and belief, over a hundred of Defendant's employees were terminated without being provided the sixty day notice required under the federal and New Jersey WARN Acts, respectively.

23.     The Plaintiff and Class Members were full-time employees as defined under the federal and New Jersey WARN Acts and suffered an employment loss under the Acts, respectively.

24.     The Plaintiff and Class Members are so-called "affected employees" under the federal and New Jersey WARN Acts, respectively.

25.     In the time prescribed by the federal and New Jersey WARN Acts, Defendant permanently terminated the "affected employees."

26.     These mass layoffs constitute a "termination" and/or "mass layoff" under the federal and New Jersey WARN Acts, respectively.

27.     Moreover, and/or alternatively, these mass layoffs trigger the aggregation provisions within the respective statutes.

28.     By failing to: (a) disclose impending mass layoffs and (b) provide the statutory notice required by the federal and New Jersey WARN Acts, Defendant precluded its "affected employees" from looking for other work and/or making contingent plans while Defendant

709043.2

continue to operate unabated.

29.     Some of the Plaintiffs may have been offered/provided with a "severance" payment upon the signing of a release.  However the severance, if any, was upon information and belief, less than the equivalent pay had the employees received appropriate notice under the respective WARN Acts.

## Class Action Allegations

30.     Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act, 29 U.S.C. § 2104(a)(5).  Under 28 U.S.C. § 1367, the Court also has the authority to hear additional, substantially related claims, which are presented in the subsequent pages of this Complaint (i.e. violations under the New Jersey WARN Act, N.J.S.A. 34:21-1, et seq., and the breach of contract common law claims, as follows).

31.     Plaintiffs bring this action for themselves and on behalf of a class of all similarly situated employees.  Plaintiffs seek to certify a class (hereinafter "the Class") defined as follows:

> All former employees, excluding part-time employees, of 22nd Century Technologies, Inc. who were terminated from their employment at 22nd Century Technologies, Inc. without recovering sixty (60) days written notice of a mass layoff before the date of their termination.

32.     Excluded from the Class are Defendant and its officers, directors and employees, the Court, the Court's immediate family and all Court staff, and Plaintiffs' attorneys and their immediate family members.

33.     Upon information and belief, Plaintiffs estimate that the Class comprises at least one hundred (100) Class Members, making the Class so numerous that joinder of all Class Members is impracticable.  The members of the Class can easily be identified and located using information contained in the Defendant's human resources records. [5]

---

[5] Plaintiffs satisfy Rule 23(a)'s numerosity requirement where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "No minimum number of

34.     There are questions of law and/or fact common to the Class that predominate over any questions affecting only individual Class Members.  The questions of law and fact common to the Class arising from Defendant's actions include, but are not limited to, the following:

a.   Whether the provisions of the federal and state WARN Acts apply;

b.   Whether Plaintiff and Class Members are affected employees as defined by the respective WARN Acts;

c.   Whether the mass layoffs of November 7, 2016; December 21, 2016; February 2017; and, April 2017 constitute a "termination" and/or "mass layoff" under the respective WARN Acts;

d.   Whether the mass layoffs of November 7, 2016; December 21, 2016; February 2017; and, April 2017 trigger the aggregation provisions within the respective statutes (N.J.S.A. 34:21-2(c) and 29 U.S.C. § 2102(d))[6] ;

e.   Whether Defendant failed to provide the notice(s) required by the respective WARN Acts;

f.   Whether Defendant can avail itself of any of the provisions of the respective WARN Acts which permit lesser periods of notice;

g.   The appropriate formulae to measure damages under the respective WARN Acts; and,

h.   The appropriate definitions and formulae to measure payments to potentially

---

Plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of Plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).

[6] There appear to be no reported cases, or legal authority, which would indicate that the federal WARN Act would preempt the New Jersey WARN Act.  Therefore, causes of action, as will follow, are being asserted under both respective statutes.

offset damages under the respective WARN Acts.

35.    Plaintiff John Tutton's claims are typical of those of the Class.  Plaintiff John Tutton and the Class Members were subjected to the same kind of unlawful conduct and the claims of Plaintiff John Tutton and the Class Members are based on the same legal theories and questions of law and fact pursuant to the respective WARN Acts.

36.    Plaintiff John Tutton will fairly and adequately protect the interests of the Class. Plaintiff John Tutton's interests do not conflict with the interests of the Class, and the Plaintiff intends on prosecuting this action vigorously.

37.    Plaintiff has retained experienced counsel qualified in class litigation, and counsel is competent to assert the interests of the Class.

38.    The unlawful acts of Defendant, as alleged herein, constitute a course of conduct common to Plaintiff John Tutton and each Class Member.  Prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications which would establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the individual Class Members to protect their interests.

39.    Upon information and belief, Defendant has acted, or refused to act, on grounds generally applicable to the Class.

40.    A class action, herein, is superior to other available methods for fair and efficient adjudication of the controversy.  Class action treatment will allow a large number of similarly situated individuals to simultaneously pursue their common claims in a single forum that would be required if numerous individual actions were pursued.

709043.2

## COUNT I

### Violations of the United States Worker Adjustment And Retraining Notification Act ("WARN" Act)

41.     Plaintiffs restate and incorporate the allegations in the preceding paragraphs.

42.     At all times relevant to this lawsuit, Plaintiff John Tutton and Class Members ("Plaintiffs") have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101, et seq.

43.     Defendant is an "employer" as defined by the WARN Act.  *See* 29 U.S.C. 2101(a)(1).

44.     Plaintiffs are "affected employees" as defined under the WARN Act.  *See* 29 U.S.C. § 2101(a)(5).

45.     The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated through mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

46.     Defendant was and is subject to the notice and back pay requirements of the WARN Act because Defendant, individually and collectively, is a business enterprise that employs 100 or more employees, excluding part-time employees, as defined by the WARN Act. *See* 29 U.S.C. § 2101(1)(A).

47.     The WARN Act required Defendant to provide Plaintiffs with 60 days notice prior to the layoffs complained of herein.

48.     This notice was not provided, and Defendant willfully violated the WARN Act by failing to provide the required notice.

49.     Section 2103 of the WARN Act exempts certain employees from the notice

709043.2

requirements of the WARN Act. *See* 29 U.S.C. § 2103(1)-(2). None of these WARN Act exemptions apply to Defendant's failure to provide required notice to Plaintiffs herein.

50.     Consequently, Plaintiffs have been damaged by Defendant's conduct and are entitled to the notice and back pay required by the WARN Act. *See* 29 U.S.C. § 2101(1)(A).

51.     Defendant has not acted in good faith nor with reasonable grounds to believe that its acts and omissions were not a violation of the WARN Act.

52.     Plaintiffs have been required to retain counsel in this matter to protect Plaintiffs' rights and have incurred legal fees and costs in this matter.

53.     Plaintiffs are entitled to the amount of back pay and benefits for the period of the violation of the WARN Act by Defendant, in addition to attorney's fees, costs, and any civil penalties this Court deems just and proper.

## COUNT II

### Violations of the New Jersey Worker Adjustment And Retraining Notification Act ("WARN" Act)

54.     Plaintiffs restate and incorporate the allegations in the preceding paragraphs.

55.     At all times relevant to this lawsuit, Plaintiffs have been entitled to the rights, protections, and benefits provided under the WARN Act, N.J.S.A. 34:21-1, *et seq*.

56.     Defendant is an "employer" as defined by the WARN Act. *See* N.J.S.A. 34:21-1.

57.     Plaintiffs are defined as "full-time employees" as set forth in the WARN Act. *See* N.J.S.A. 34:21-1.

58.     The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated through mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

- 13 -

709043.2

59.     Defendant was and is subject to the notice and back pay requirements of the WARN Act because Defendant, individually and collectively, is a business enterprise that employs 100 or more employees, excluding part-time employees, as defined by the WARN Act. *See* N.J.S.A. 34:21-2(a).

60.     The WARN Act required Defendant to provide Plaintiffs with 60 days notice prior to the layoffs complained of herein.

61.     This notice was not provided, and Defendant willfully violated the WARN Act by failing to provide the required notice.

62.     Section 34:21-1 of the WARN Act exempts certain employees from the notice requirements of the WARN Act.  However, none of these WARN Act exemptions apply to Defendant's failure to provide required notice to Plaintiffs.

63.     Consequently, Plaintiffs have been damaged by Defendant's conduct and are entitled to the notice and back pay required by the WARN Act.  *See* N.J.S.A. 34:21-6.

64.     Defendant has not acted in good faith nor with reasonable grounds to believe that its acts and omissions were not a violation of the WARN Act.

65.     Plaintiffs have been required to retain counsel in this matter to protect Plaintiffs' rights and have incurred legal fees and costs in this matter.

66.     Plaintiffs are entitled to the amount of back pay and benefits for the period of the violation of the WARN Act by Defendant, in addition to attorney's fees, costs, and any civil penalties this Court deems just and proper.

## COUNT III

### Breach of Contract

67.     Plaintiff restates and incorporates the allegations contained in the preceding

paragraphs.

68.     Individual contracts existed between the Plaintiffs and Defendant, providing Plaintiffs with entitlement to certain employment benefits and rights.

69.     Plaintiffs were denied, among other entitlements, salaries, unpaid wages, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued paid time off, pension and/or 401(k) contributions, and/or COBRA benefits.

70.     Defendant breached the Plaintiffs' respective contracts by failing to perform under the terms of these employment contracts with Plaintiffs.

71.     Moreover, Plaintiffs were stripped of their respective employment benefits and rights by virtue of Defendant's violations of the WARN Acts.

72.     As a direct and proximate result of Defendant breaches, Plaintiffs have been harmed, entitling them to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant, and an Order providing for the following:

- Certification of the Class pursuant to Fed. R. Civ. P. 23, certifying Plaintiff John Tutton as representative of the Class and designating his counsel of record as counsel for the Class.

- Finding that Defendant has violated the federal and New Jersey WARN Acts, respectively, and therefore holding Defendant liable to Plaintiff and the Class in an amount to be determined.

- Compensatory damages in an amount equal to at least the amounts provided by 29 U.S.C. § 2104(a) and/or N.J.S.A. 34:21-6 and 34:21-2(b).

709043.2

- A judgment in favor of Plaintiffs and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, all accrued paid time off, pension and/or 401(k) contributions, COBRA benefits, and other benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts, U.S.C. § 2104(a) and/or N.J.S.A. 34:21-6 and 34:21-2(b).

- All reimbursed expenses advanced by Plaintiff John Tutton and Class Members, including any civil penalties.

- Reasonable attorney's fees and costs, as permitted by 29 U.S.C. 2104(a)(6) and N.J.S.A. 34:21-6.

- Pre-judgment interest as may be determined by the Court or by statute and rule.

- Leave to amend this Complaint should it prove necessary.

- Such other and further relief as the Court may deem necessary or appropriate.

Dated: October 13, 2017        By:     */s/ Joseph J. DePalma*
                                       Joseph J. DePalma
                                       Andrew L. Smith
                                       **LITE DEPALMA & GREENBERG, LLC**
                                       570 Broad Street, Suite 1201
                                       Newark, New Jersey 07102
                                       Telephone: 973-623-3000
                                       Facsimile: 973-623-0858
                                       jdepalma@litedepalma.com
                                       asmith@litedepalma.com

                                       Jonathan A. McAllister
                                       **MCALLISTER LAW FIRM LLC**
                                       1717 Park Avenue
                                       St. Louis, Missouri 63104
                                       Telephone: 314-403-7700

Facsimile: 314-403-7700
jam@jmcallisterlaw.com
*(Pro Hac Vice admission to be sought)*

John S. Steward
**MEYERKORD & MEYERKORD LLC**
1717 Park Avenue
St. Louis, Missouri 63104
Telephone: 314-436-9958
Facsimile: 314-446-4700
jss@meyerkordlaw.com
*(Pro Hac Vice admission to be sought)*

*Attorneys for Plaintiff and Class*

709043.2

## PRAYER FOR JURY TRIAL

Plaintiff and Class Members hereby request a trial by jury on the foregoing Class Action

Complaint.

Dated: October 13, 2017           By:    */s/ Joseph J. DePalma*
                                     Joseph J. DePalma
                                     Andrew L. Smith
                                     **LITE DEPALMA & GREENBERG, LLC**
                                     570 Broad Street, Suite 1201
                                     Newark, New Jersey 07102
                                     Telephone: 973-623-3000
                                     Facsimile: 973-623-0858
                                     jdepalma@litedepalma.com
                                     asmith@litedepalma.com

                                     Jonathan A. McAllister
                                     **MCALLISTER LAW FIRM LLC**
                                     1717 Park Avenue
                                     St. Louis, Missouri 63104
                                     Telephone: 314-403-7700
                                     Facsimile: 314-403-7700
                                     Jam@JMcAllisterlaw.com
                                     *(Pro Hac Vice admission to be sought)*

                                     John S. Steward
                                     **MEYERKORD & MEYERKORD LLC**
                                     1717 Park Avenue
                                     St. Louis, Missouri 63104
                                     Telephone: 314-436-9958
                                     Facsimile: 314-446-4700
                                     jss@meyerkordlaw.com
                                     *(Pro Hac Vice admission to be sought)*

                                     *Attorneys for Plaintiff and Class*

- 18 -

709043.2

## <u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: October 13, 2017              By:      */s/ Joseph J. DePalma*_____
                                              Joseph J. DePalma
                                              Andrew L. Smith
                                              **LITE DEPALMA & GREENBERG, LLC**
                                              570 Broad Street, Suite 1201
                                              Newark, New Jersey 07102
                                              Telephone: 973-623-3000
                                              Facsimile: 973-623-0858
                                              jdepalma@litedepalma.com
                                              asmith@litedepalma.com

                                              Jonathan A. McAllister
                                              **MCALLISTER LAW FIRM LLC**
                                              1717 Park Avenue
                                              St. Louis, Missouri 63104
                                              Telephone: 314-403-7700
                                              Facsimile: 314-403-7700
                                              Jam@JMcAllisterlaw.com
                                              *(Pro Hac Vice admission to be sought)*

                                              John S. Steward
                                              **MEYERKORD & MEYERKORD LLC**
                                              1717 Park Avenue
                                              St. Louis, Missouri 63104
                                              Telephone: 314-436-9958
                                              Facsimile: 314-446-4700
                                              jss@meyerkordlaw.com
                                              *(Pro Hac Vice admission to be sought)*

                                              *Attorneys for Plaintiff and Class*

709043.2